UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
JAN 08 2007

*********************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 95-40012-02 |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION AND |
| -vs- | * | ORDER ON MOTION TO |
| | * | REDUCE RESTITUTION |
| ROGER J. RAETHER, | * | |
| Defendant. | * | |

*********************************************************************

Pending before the Court is Defendant's Motion to Reduce Restitution. (Doc. 259.) For the following reasons, the motion will be denied.

## BACKGROUND

On November 7, 1996, a jury convicted Roger Raether ("Raether") of conspiring to make false statements to the General Service Administration and to convert tribal property.[1] On February 3, 1997, Raether was sentenced to 24 months imprisonment and three years supervised release. At sentencing, this Court determined that the total amount of loss suffered by the United States Treasury Department was $78,500, and the Seminole Tribe of Florida suffered a total loss of $53,154. (Doc. 226.) Raether was ordered to pay $50,000, which is approximately 38% of that loss, $25,000 to the United States and $25,000 to the Tribe.[2] Payment was due in full immediately. If the

---

[1]This was a re-trial due to a change in the law. Raether was initially convicted on June 2, 1995, 17 days before the Supreme Court's decision in *United States v. Gaudin*, 515 U.S. 506 (1995). In *Gaudin*, the Court held that materiality of a false statement is an essential element of a false statement crime charged under 18 U.S.C. § 1001, and that the jury, not the court, must determine whether the false statement was material. This Court granted Raether's motion for a new trial based on the holding in *Gaudin*. (Doc. 84.)

[2]The Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, mandates restitution in the full amount of each victim's loss for certain crimes, including an offense like Raether's committed by fraud, and requires that the sentencing court order full restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii); 3664(f)(1)(A). The MVRA became effective "for sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996." 18 U.S.C.A § 3663A (Historical and Statutory Notes). Prior to enactment of the MVRA, the Victim and Witness Protection Act ("VWPA") authorized but did not compel courts to order restitution, *see id.* § 3663(a)(1), and required courts to consider the defendant's financial circumstances, *see id.* § 3663(a)(1)(B)(i)(II). In *United States v. Williams*, 128 F.3d 1239, 1241 (8th Cir. 1997), the Eighth Circuit held that retrospective application of the MVRA violates the Ex Post Facto Clause because restitution imposed as part of a defendant's sentence is criminal punishment, not a civil sanction, and the shift from discretionary to mandatory restitution increases the punishment imposed on a particular defendant. The date of the offense for which Raether was convicted was on or about November 1992 through January 25, 1994, well before the MVRA took effect, so Raether was sentenced pursuant to the VWPA.

full amount of restitution was not paid prior to commencement of supervised release, he was ordered to pay $750.00 per month. Raether appealed his conviction and sentence, but not the restitution order, and the Eighth Circuit summarily affirmed in an unpublished opinion, finding that his claims lacked merit. *United States v. Raether*, 1997 WL 691520 (8th Cir. 1997). Raether did not file a petition under 28 U.S.C. § 2255.

On September 23, 2003, the United States filed an Application for Writ of Continuing Garnishment pursuant to 28 U.S.C. § 3205(b)(1), seeking to collect $37,682.50, the remaining amount of restitution owed by Raether, through garnishment of his wages. (Doc. 247.) The United States garnished wages in the amount of $4,089.91 from October 29, 2003 through October 18, 2004. (Doc. 255.) On February 11, 2005, the Court terminated the continuing garnishment at the government's request. (Doc. 257.) There was no activity in this case until January 5, 2006, when Raether filed the pending Motion to Reduce Restitution. The United States and the Seminole Tribe of Florida oppose the motion.

Raether claims that he has paid restitution in the amount of $18,135.80. The government indicates that he has paid $13,374.15, and that all of it has been paid to the Tribe. Raether's request for a reduction in the restitution from $50,000 to the amount he has paid is based on his claimed inability to find work to support himself and to pay the government.

After the Court scheduled a hearing on Raether's Motion to Reduce Restitution, a Notice of Attorney Appearance was filed by James G. Abourezk. The hearing was continued to June 21, 2006. Raether was ill on June 21, and the hearing was cancelled. Raether's lawyer was given an opportunity to present written argument and authority on the following issues: 1) whether the Court has authority to abate the interest on the restitution, and 2) whether the Court has authority to reduce or abate the remaining amount of restitution entirely. The government filed a response to Raether's brief, but Raether did not submit a reply. No authority was cited separately on the issue of abating interest, so the Court will not address that as an issue separate from whether the amount of restitution may be reduced or abated.

2

## DISCUSSION

"A sentence that imposes an order of restitution is a final judgment. . . ." 18 U.S.C. § 3664(o). Raether points to no statutory authority which would allow the Court to amend the judgment in his criminal case in order to change the amount of restitution, and the Court is aware of none. Under 18 U.S.C. § 3664(k), if a district court receives notice of a material change in the defendant's economic circumstances, and the victims owed restitution by the defendant have been notified of the change in circumstances, the court may adjust the restitution payment schedule, or require immediate payment in full, as the interests of justice require. *See* 18 U.S.C. § 3663(k). The statute does not give courts authority to change the amount of restitution that was ordered.

Raether is no longer on supervised release, so the Court cannot modify any of those conditions in regard to restitution. Further, Federal Rule of Criminal Procedure 35 does not apply. A correction may be made under that rule only if the sentence "resulted from arithmetical, technical, or other clear error," and the correction must be made within 7 days after sentencing. *See Fed. R. Crim. P.* 35(a).

The United States argues that relief is barred because Raether failed to appeal the restitution portion of his sentence, and a challenge under 28 U.S.C. § 2255 is now time-barred. Even if a § 2255 petition were timely, Raether could not challenge the restitution award under that statute because he is not in custody and he is not claiming the right to be released from custody. *See United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003). In *Bernard*, the Eighth Circuit addressed the issue whether a prisoner challenging the restitution portion of his sentence may do so under 28 U.S.C. § 2255. The Court held:

> We believe the plain and unambiguous language of the statute-"[a] prisoner in custody ... claiming the right to be released"-precludes a restitution challenge. We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody.

*Id.* Thus, relief under § 2255 is unavailable.

3

In support of his request, Raether relies on a quote from *United States v. Mitchell*, 893 F.2d 935, 936 (8th Cir. 1990), which states, "If, at some later time, the defendant's financial condition somehow changes, either the government or the defendant can return to the sentencing court and ask it to modify its order." *Id.* This quote does not empower the Court to lower the amount of restitution Raether was ordered to pay. First, it is not clear whether the *Mitchell* Court is referring to modification of the payment schedule or modification of the amount of restitution. Second, it is merely dictum and has no binding effect.

No law exists that would allow the Court to grant the relief sought by Raether. If such a law did exist, then the Court would have to decide whether Raether should be granted any further relief. Accordingly,

IT IS ORDERED that the Motion to Reduce Restitution, doc. 259, is denied.

Dated this 8th day of January, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)      DEPUTY

4